Citation Nr: 1522737 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 14-17 506 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to a finding of total disability based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

W. H. Donnelly, Counsel



INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).

The Veteran served on active duty with the United States Marine Corps from January 1960 to August 1989.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2011 rating decision by the Phoenix, Arizona, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which in pertinent part denied entitlement to TDIU.

The Board notes that although the Veteran also initiated an appeal regarding the denial of service connection for posttraumatic stress disorder (PTSD), and that issue was included in the February 2014 statement of the case (SOC), the Veteran declined to perfect an appeal of that issue in filing his substantive appeal in April 2014. He was notified of the effect of his action, and has not further pursued the matter.

The Board has reviewed the Veteran's physical claims file and the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

The issues of entitlement to service connection for a blood disorder, progressive fatigue, and a heart condition have been raised by the Veteran in April 2014 and October 2014 correspondence, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). It appears the AOJ is aware of the claims, but has as of yet not taken any action to develop and adjudicate them. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The sole issue currently before the Board is entitlement to TDIU. Adjudication of TDIU requires consideration of the impact of all service-connected disabilities on a Veteran's ability to secure and follow substantially gainful employment. 38 C.F.R. § 4.16. In this case, the Veteran has filed several additional claims of service connection, to include a blood disorder, a heart condition, and progressive fatigue. In claiming TDIU, he relates much of his inability to obtain and retain employment to symptoms of these newly claimed disabilities.

Therefore, it would be premature to adjudicate the question of TDIU entitlement at this time. The full set of facts is not currently before the Board; the open claims must first be settled. Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered)

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is required.)

1. Take appropriate action to develop and adjudicate the newly raised claims of service connection for a blood disorder, a heart condition, and progressive fatigue.

2. Upon completion of the above, review the claims file and arrange for any additional development indicated. Then readjudicate the claim on appeal. If the benefit sought remains denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).